UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        Case No. 1:18-CR-258

v.                                    Hon. Janet T. Neff
                                        United States District Judge

RYAN JAMES HAYES,

        Defendant.

_____/

**DEFENDANT'S SENTENCING MEMORANDUM AND
REQUEST FOR DOWNWARD VARIANCE**

On July 18, 2019, this Court will sentence Ryan Hayes, who stands convicted

following a guilty plea to one count of sexual exploitation of a minor.  Mr. Hayes engaged

in sexual conduct with a 16 year-old minor and took photographs of the conduct with his

cellular phone.  With a criminal history category I, the sentencing guidelines call for a

sentence of between 188 to 235 months; U.S. Probation recommends a sentence of 188

months.  Mr. Hayes has no objections to the scoring of the guidelines based on the facts

in the presentence report.  However, Mr. Hayes respectfully moves this Court to consider

a variance from the guidelines range under the 18 U.S.C. § 3553(a) factors.

**BACKGROUND**

On September 10, 2018, Mr. Hayes was communicating on a social media platform

and became acquainted with a female he knew as "Liv."  In reality, "Liv" was an

undercover Kent County Sheriff's Office deputy who disclosed later in the interaction

that "she" was fourteen years old.  The conversation eventually took an inappropriate turn and some text messages were of a suggestive nature.

Approximately two weeks later, Mr. Hayes agreed to meet "Liv" at a park in Grand Rapids.  Law enforcement conducted surveillance on Mr. Hayes and observed him travel to the arranged meeting spot. Law enforcement conducted a traffic stop of Mr. Hayes, who consented to a search of his cell phone.  Mr. Hayes was subsequently charged by the Kent County Prosecutor's Office with accosting a child for an immoral purpose.

During the search of Mr. Hayes' cellular phone, law enforcement discovered an image of Mr. Hayes orally penetrating the victim, S.P., a 16 year-old female, and an image of S.P.'s genital area. Law enforcement located S.P., who stated that she and Mr. Hayes had a sexual relationship. Mr. Hayes was subsequently indicted for the instant offense. On April 10, 2019, Mr. Hayes entered a guilty plea to one count of sexual exploitation of a minor, and admitted that he had a sexual relationship with S.P., and that he had taken pictures of S.P. during sexual acts.

### ARGUMENT

**Mr. Hayes Asks that this Court Vary Downward From the
Guidelines Range Based on the 18 U.S.C. § 3553(a) Factors.**

As detailed in the presentence report, Mr. Hayes is now 35 years old and has no criminal history or involvement with the criminal justice system whatsoever.  In this case, he acknowledged that he took a photograph of his sexual contact with S.P., who was under the age of 18.  Mr. Hayes is filled with remorse and regret concerning his criminal conduct, which has cost him nearly everything he has – his job, his position on the Sparta Village Council, his standing in the community, and possibly the home he saved for and

2

purchased.  He knows that he faces a lengthy prison term, and wants to do everything possible to ensure he never becomes involved in the justice system again.  Mr. Hayes plans to be a productive member of society again after he serves whatever term of confinement the Court feels is necessary. He asks, however, that this Court consider varying below the guideline range, to the limited extent it is able given the applicable statutory minimum.

As this Court is aware, when sentencing a defendant who has been found guilty of a crime, courts must comply with the basic aims of sentencing set forth in 18 U.S.C. § 3553(a).  *Rita v. United States*, 127 S. Ct. 2456, 2463 (2007).  The basic aim of sentencing is to "impose a sentence sufficient, but not greater than necessary" to accomplish the goals of sentencing.  18 U.S.C. § 3553(a); *United States v. Kimbrough*, 128 S. Ct. 558 (2007).  The goals of sentencing are "to reflect the seriousness of the offense," "to promote respect for the law," "to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," "to protect the public from further crimes of the defendant," and "to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(A)-(D); *Kimbrough*, 128 S. Ct. at 569.  In *United States v. Ferguson,* 456 F.3d 660, 665 (6th Cir. 2006), the Court held that after *United States v. Booker*, 543 U.S. 220 (2005), a judge must impose the lowest sentence that is minimally sufficient to meet those goals regardless if that sentence is probation, time served, a mandatory minimum sentence, the statutory maximum sentence, or somewhere in between.

While courts must continue to consider the sentencing guidelines, they are no longer mandatory and courts are only required to impose the least amount of imprisonment necessary to accomplish the purposes of sentencing as set forth in 18 U.S.C. § 3553(a).  Those factors include (a) the nature and circumstances of the offense and the history and characteristics of the defendant; (b) the kinds of sentences available; (c) the advisory guideline range; (d) the need to avoid unwarranted sentencing disparities; (e) the need for restitution; and (f) the need for the sentence to reflect the following: the seriousness of the offense, promotion of respect for the law and just punishment for the offense, provision of adequate deterrence, protection of the public from future crimes and providing the defendant with needed educational or vocational training, medical care, or other correctional treatment.  *See* 18 U.S.C. § 3553(a).  Here, Mr. Hayes asks that this Court consider the following factors and vary from the advisory guidelines range.

**A.  The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant.**

Prior to this offense, Mr. Hayes was a law-abiding, gainfully employed, productive member of society.  His involvement with the criminal justice system began in September 2018, when he began communicating with an undercover deputy posing as a 14 year-old. Mr. Hayes has lived in Michigan for his entire life, and is very close with his parents and sisters.  (*See* Character Reference Letters, attached.)  He enjoyed a happy childhood and adulthood, and obtained an associate's degree in computer science from ITT Tech.  He began working at Old Orchard Juice Brands in 2007, and continued to work there until the instant offense led to the loss of his job. Prior to this offense, Mr. Hayes volunteered with the Kent County Sheriff's Department Search and Rescue team, and

was appointed to the Sparta Village Council, where he hoped to make a positive difference. He met his significant other in 2011, and bought a home and resided there with her until the instant offense.

Mr. Hayes became involved in the instant offense conduct solely for sexual gratification, and no other gain. He feels great remorse for the pain he caused to the victim and her family, and to his own family. Once he is released from custody, Mr. Hayes plans to return home to be with his family, and find employment repairing computers. He looks forward to once again being a productive member of society.

## CONCLUSION

Mr. Hayes respectfully requests that this Court vary from the advisory guidelines range, and to impose a sentence of 180 months (the statutory minimum), which is sufficient but not greater than necessary to comply with the purposes of sentencing enunciated by Congress in 18 U.S.C. § 3553(a).

Respectfully submitted,

Dated: July 12, 2019

/s/ Heath M. Lynch
Heath M. Lynch
Rachel L. Frank
SPRINGSTEAD BARTISH BORGULA & LYNCH, PLLC
15 Ionia Ave S.W., Suite 520
Grand Rapids, MI 49503
(616) 458-5500